UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| L.T. TUCKER, #132271, | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:22-cv-205 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| R. KEMP, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

Plaintiff L.T. Tucker, a prisoner under the control of the Michigan Department of Corrections, alleges the defendants violated his civil rights. Four of the remaining defendants filed a motion for summary judgment arguing that, for some of the remaining claims, Plaintiff failed to exhaust his administrative remedies (ECF No. 40). Plaintiff also filed a motion for summary judgment (ECF No. 50). The Magistrate Judge issued a report recommending the Court grant Defendants' motion and deny Plaintiff's motion (ECF No. 53). Both parties filed objections (ECF No. 54 - Defs. ECF Nos. 55 and 56 - Pl.).

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a

de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Defendants seek dismissal of several claims for retaliation arising from misconduct tickets. The Magistrate Judge summarized how a prisoner must exhaust his administrative remedies when the claim relates to a misconduct ticket, which differs from how a prisoner exhausts remedies when the claim relates to a grievance. The parties do not object to the Magistrate Judge's summary of the law concerning the method for exhaustion.

## II. Defendants' Objection

The Magistrate Judge recommends dismissing the retaliation claims against Defendants Velmer and Frantti. The Magistrate Judge does not recommend dismissing the state law claims, which are brought against all of the defendants.

Defendants object and argue that the Court should exercise its discretion and dismiss the state law claims against Defendant Velmer and Frantti.

The Court overrules the objection. This is not a situation where all of the federal claims have been dismissed. And, Plaintiff raises the state law claims against all of the defendants, not just against Velmer and Frantti. These circumstances do not weigh in favor of dismissing the state law claims against two defendants when those same claims remain pending against other defendants. Finally, Defendants' objection assumes that the Court will adopt the portion of the R&R granting Defendants' motion for summary judgment.

### III.  Plaintiff's Objections

#### A.  Defendant Williams

Defendants assert that Plaintiff did not raise retaliation in the relevant misconduct hearing.  The Magistrate Judge finds that Plaintiff failed to raise retaliation during the hearing (held on June 22) for the June 15, 2020, misconduct ticket issued by Defendant Williams.  The Magistrate Judge relies on the misconduct report prepared by the hearing officer.  The Magistrate Judge recommends dismissing the retaliation claim against Defendant Williams.

Plaintiff objects.  Plaintiff argued in his response to the motion that he had no control over what the hearing officer wrote in the report (ECF No. 47 PageID.412).  Plaintiff points to other parts of the record to establish that he did raise retaliation (ECF No. 55 Obj. PageID.623-24).

The Court will uphold Plaintiff's objection.  Documents in the record create a genuine issue of material fact whether Plaintiff raised retaliation concerns at the misconduct hearing.  First, Plaintiff submitted an affidavit with his response to the motion for summary judgment in which he attests that he raised the issue of retaliation at the hearing and in his appeal (ECF No. 47-1 PageID.417).  In addition, the misconduct report refers to a two-page written statement from Plaintiff.  The hearing packet submitted by Defendants as an exhibit contains Plaintiff's written statement.  In that statement, Plaintiff pointedly and unequivocally asserts that Defendant Williams issued the misconduct ticket as retaliation for Plaintiff's lawsuit against Defendant Skytta (ECF No. 41-4 PageID.351-52).  The rehearing packet submitted by Defendants shows that Plaintiff again raised retaliation as the basis for his request for a rehearing (ECF No. 41-1 PageID.360).

The Court rejects the recommendation that Plaintiff's retaliation claim against Defendant Williams associated with the June 15 misconduct ticket be dismissed for failure to exhaust. Plaintiff has pointed to documents in the record that create a genuine issue of material fact about whether he exhausted this retaliation claim.

### B.  Defendant Velmer

Defendants argue that Plaintiff failed to appeal the outcome of the hearing on this misconduct ticket. The Magistrate concludes that Plaintiff raised retaliation in the hearing (held on May 24) for the May 14, 2021, threatening behavior misconduct ticket. But, because Plaintiff did not appeal the guilty finding, the Magistrate Judge concludes Plaintiff failed to exhaust his retaliation claim against Defendant Velmer. The Magistrate Judge recommends dismissing the retaliation claim against Defendant Velmer.

Plaintiff objects. Plaintiff insists he raised the issue of retaliation in his "hearing and appeals" (ECF No. 55 PageID.624).

The Court will uphold the objection. Documents in the record create a genuine issue of material fact whether Plaintiff appealed the outcome of the hearing on this misconduct ticket. In the affidavit submitted with his response to the motion, Plaintiff refers to his request for a rehearing (ECF No. 47-1 PageID.418) and he references Exhibit 3. In Plaintiff's Exhibit 3 to his response to the motion, Plaintiff includes his written request for a rehearing concerning the May 14 misconduct ticket (ECF No. 47-4 PageID.438). Plaintiff again makes clear that he believes he received the misconduct ticket as retaliation (*id.*). The document contains a stamp indicating that the Office of Legal Affairs received it on June 10, 2021, and

that the administrator mailed the denial of the request for a rehearing on January 11, 2022 (*id.* PageID.438-39).

The Court rejects the recommendation that Plaintiff's retaliation claim against Defendant Velmer associated with the May14 misconduct ticket be dismissed for failure to exhaust. Plaintiff's documents create a genuine issue of material fact whether Plaintiff appealed the outcome of the hearing.

### C.  Defendants Frantti and Wertanen

Defendant Frantti wrote a misconduct ticket for destruction or misuse of property dated May 14, 2021. Defendant Wertanen conducted the hearing for the ticket on May 18, 2021. Defendants argue that Plaintiff did not raise retaliation at the hearing and did not appeal the outcome of the hearing. The Magistrate Judge concludes that Plaintiff failed to raise retaliation during the conduct hearing and also failed to appeal the outcome of the hearing. The Magistrate Judge recommends dismissing this claim against Frantti and Wertanen for failure to exhaust.

Plaintiff objects. Plaintiff again insists that he raised retaliation as a defense at the hearing and in his request for a rehearing.[1]

The Court will uphold the objection. In the affidavit submitted with his response to the motion for summary judgment concerning this claim, Plaintiff refers to documents in

---

[1]  Plaintiff does not separately address the recommendation concerning these defendants in his objection. Plaintiff does argue that he raised the issue of retaliation at each hearing and in his appeals (ECF No. 55 PageID.624). And, Plaintiff specifically references documents concerning his appeal of the misconduct report concerning the ticket issued by Defendant Frantti (*id.*). Those documents appear as attachments in Plaintiff's response to Defendants' motion and as attachments to Plaintiff's own motion for summary judgment.

Exhibit 4 (ECF No. 47-1 PageID.418). He asserts in the affidavit that he gave a one-page statement of his retaliation defense to Defendant Wertanen on May 18 (*id.*). As part of his Exhibit 4, Plaintiff includes a one-page handwritten document addressing the May 14 misconduct ticket and the hearing (ECF No. 47-5 PageID.441). Plaintiff also submitted an affidavit from another prisoner who attests that on May 18 he saw Defendant Wertanen visit Plaintiff's cell and also saw Plaintiff give Wertanen a piece of paper (ECF No. 47-19 Woody Aff. PageID.499). Finally, Plaintiff includes a misconduct appeal report for this ticket, which MDOC disapproved on June 10, 2021 (ECF No. 47-5 PageID.442). Plaintiff raises retaliation in the appeal.

The Court finds that Plaintiff has created a genuine issue of material fact whether he raised retaliation at this misconduct hearing and whether he appealed the outcome of the misconduct hearing.

### D.  Plaintiff's Motion for Summary Judgment

Plaintiff filed his motion for summary judgment on January 21, 2025 (ECF No. 50). The Magistrate Judge issued the report and recommendation on January 31, before Defendants filed any response to the motion. The Magistrate Judge concludes that the affidavits and exhibits attached to the motion merely reiterate the allegations in the complaint but fail to demonstrate a lack of a genuine issue of material fact.

Plaintiff does not specifically object to this portion of the R&R. The Court will adopt this portion of the R&R.

Accordingly, the Court **ADOPTS IN PART AND REJECTS IN PART** the Report and Recommendation (ECF No. 53). The Court adopts the portion of the R&R resolving Plaintiff's motion for summary judgment and DENIES that motion (ECF No. 50). The Court rejects the portion of the R&R resolving Defendants' motion for summary judgment and DENIES that motion (ECF No. 40).

**IT IS SO ORDERED.**

Date:   March 14, 2025                              /s/  Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge