UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L. T. TUCKER, #132271,                          )
                              Plaintiff,         )
                                                 )          No. 2:22-cv-205
-v-                                              )
                                                 )          Honorable Paul L. Maloney
R. KEMP, *et al.*,                               )
                              Defendants.         )
                                                 )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Tucker, a prisoner under the control of the Michigan Department of Corrections (MDOC), alleges Defendants retaliated against him.  Defendants filed a motion for summary judgment (ECF No. 76) and Plaintiff also filed a motion for summary judgment (ECF No. 80).  The Magistrate Judge issued a report recommending the court grant Defendants' motion and deny Plaintiff's motion (ECF No. 89).  Plaintiff filed objections. The court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1.  R&R failed to analyze the allegations in Plaintiff's verified complaint.  The court overrules this objection.  Plaintiff has not identified any particular allegation in the complaint that the R&R allegedly overlooked.  Nor has Plaintiff explained how consideration of any particular allegation in his complaint would have resulted in a different outcome.

2.  Defendant Williams had knowledge of Plaintiff's protected conduct which creates a genuine issue of material fact.  The court overrules this objection.  The R&R does not resolve the claims against Williams based on a lack of knowledge.  The R&R found that Williams would have issued the misconduct tickets even in the absence of the protected conduct.

3.  Plaintiff has created a genuine issue of material fact whether the factual findings in the disciplinary hearing deserve preclusive effect.  The court overrules this objection. Whether the factual findings at a misconduct hearing have a preclusive effect is a legal issue, not a factual issue. *Cf. George v. Hargett*, 879 F.3d 711, 718 n.4 (6th Cir. 2018); *Herrera v. Churchill McGee, LLC*, 680 F.3d 539, 552 n.9 (6th Cir. 2012).  And even if the hearing officer did not resolve all of the disputed facts, the facts that were resolved have a preclusive effect.  The fact that the hearing officer's written statement did not specifically identify and address each and every one of Plaintiff's arguments does not mean that Plaintiff was not afforded a sufficient opportunity to litigate the issue.  Nor does the fact that the hearing officer wrote the statement outside of the prisoner's presence require the conclusion that Plaintiff did not receive a sufficient opportunity to litigate the matter.  The hearing officers found that Plaintiff engaged in threatening behavior and rejected Plaintiff's argument that Defendants engaged in retaliatory conduct.

4 and 5.  The court should not rely on the false hearing reports.  The court overrules this objection for the same reasons provided for rejecting the third objection.

6.  Even if the facts determined at the hearing have preclusive effects, Plaintiff can still bring a retaliation claim.  The court overrules this objection.  Plaintiff cites two Sixth Circuit cases, both of which are easily distinguishable.  In this case, resolution of the disputed facts at the hearing do preclude Plaintiff's retaliation claim in this lawsuit.

7, 8 and 9.  Defendants do not enjoy qualified immunity.  The court overrules these objections.  Because Defendants have demonstrated that they would have taken the same actions regardless of protected conduct, Plaintiff cannot demonstrate a constitutional violation and Defendants enjoy qualified immunity.

10.  Defendant Franti does not always write misconduct reports.  The court overrules this objection.  Plaintiff's objection here does not address the reasons when the claim against Franti is dismissed.  Plaintiff did not engage in protected conduct by threatening a lawsuit prior to the complained of conduct.

11.  The Magistrate Judge did not fully consider Plaintiff's evidence in the recommendation to dismiss all of Plaintiff's claims. The court overrules this objection.  Plaintiff merely repeats the same arguments addressed above.  Plaintiff complains that Defendant should not be able to avoid retaliations claims by alleging that they would have done the same thing regardless of protected activity.  But that is the law.

12.  Plaintiff created a genuine issue of material fact for his claims against Wertanen and Snow because he alleged that they threatened him if he did not plead guilty. The court overrules the objection.  The R&R summarizes the relevant facts and explains why Plaintiff's

version of the facts does not create a triable issue.  Plaintiff does not create a genuine issue of material fact by characterizing the conversation as a threat.  Defendants were explaining the options available to Plaintiff depending on whether he pled guilty or not guilty.

13.  The court should not dismiss the state law claims.  The court overrules Plaintiff's objections and declines to exercise supplemental jurisdiction over those claims.

14.  The R&R does not properly and sufficiently consider all of Plaintiff's evidence. The court overrules this objection.  Plaintiff has not identified which specific evidence was overlooked or how it would make a difference.  On summary judgement, and in light of all the evidence in the record, a temporal proximity between Plaintiff's conduct and Defendants' responses does not suffice to show causation.

For these reasons, the court **ADOPTS** the report and recommendation (ECF No. 89), **GRANTS** Defendants' motion for summary judgment (ECF No. 76) and **DENIES** Plaintiff's motion for summary judgment (ECF No. 80).  **IT IS SO ORDERED.**

Date:    October 30, 2025                              /s/  Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge